**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYNN THOMASON, | No. 18-35030 |
| Plaintiff-Appellant, | D.C. No. 4:16-cv-00141-BLW |
| v. | |
| GREGORY W. MOELLER, an individual in his personal capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted October 22, 2018[**]

Before: SILVERMAN, GRABER, and GOULD, Circuit Judges.

Marilynn Thomason appeals pro se from the district court's judgment dismissing her action alleging constitutional claims and claims under the Racketeer Influenced and Corrupt Organizations Act and Fair Debt Collection Practices Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hebbe v.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Thomason's claims against defendants Moeller, Simpson, Lansing, Gratton, Gutierrez, J. Jones, Burdick, Eismann, Horton, and W. Jones because the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void"). Contrary to Thomason's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply to her claims.

The district court did not abuse its discretion by dismissing Thomason's claims against defendant Washington Federal Savings for insufficient service of process because Thomason failed to demonstrate that service was valid under Federal Rule of Civil Procedure 4. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (once service is challenged, plaintiff bears the burden of establishing that service was valid); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (setting forth standard of review); *see also* Fed. R. Civ. P. 4(e)(1),

4(h); Idaho R. Civ. P. 4(d)(1).

The district court properly dismissed Thomason's claims against the remaining defendants because Thomason failed to allege facts sufficient to state plausible claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true).

The district court did not abuse its discretion by taking judicial notice of Idaho state court proceedings because the documents were matters of public record or otherwise "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (setting forth standard of review).

The district court did not abuse its discretion by denying Thomason's

18-35030

motions for reconsideration because Thomason failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

We reject as without merit Thomason's contentions regarding summary judgment, denial of a jury trial, and bias or misconduct on the part of the district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**